UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00269-MOC-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **BARRETT WADDELL KLUTTS,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Early Termination of Supervision. This is defendant's second request.

For cause, defendant states that he has now completed at least one half of the imposed term of release and that he has been compliant with the conditions of release. Defendant further states that "Mr. Sinclair [his supervising officer] would not oppose a motion for early termination of supervised release." The Court has, however, been advised by defendant's supervising officer that he does not concur and believes that keeping defendant on supervised release is important as a means of collection of outstanding restitution. Review of the Judgment in this matter reveals that defendant was ordered to repay Bank of America $483,868.00 in restitution. The Presentence Report reveals that funds garnered from the forged security were used by defendant to purchase properties in Costa Rica.

Section 3583(e) of Title 18, United States Code, provides:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant

1

to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice;

18 U.S.C. § 3583(e). The inquiry, however, is broader than the individual's conduct. See United States v. Pregent, 190 F.3d 279, 282–83 (4th Cir.1999) (noting that the phrase "and the interest of justice" gives the court latitude to consider factors other than the individual's behavior).

Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997). The decision lies within the district court's discretion. Id. In particular, in United States v. Weintraub, 371 F.Supp.2d 164 (D.Conn.2005), the court noted that "[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release." Id. at 167.

Having considered the Section 3553(a) factors as presented in defendant's 5-page motion and in light of the information contained in the Presentence Report, the Motion for Early Termination of Supervised Release will again be denied. The offense committed by defendant, to wit, forging the bank's endorsement upon a fire insurance proceeds check that was intended to pay off the mortgage after a fire loss, was a serious offense. Defendant took from Bank of America hundreds of thousands of dollars and the restitution this court imposed was intended to not just discourage others from similar theft, but to compensate the victim for a substantial financial loss. Thus, considering the nature and circumstances of the offense under Section 3553(a)(1), these factors weigh against early termination.

In addition, early termination in this case would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence, under Sections 3553(a)(2)(A) & (B). Most defendants who have committed a similar crime with such a loss amount would not receive an early termination -- thus, consideration of Section 3553(a)(6) (avoidance of unwarranted sentencing disparities) also weighs against early termination.

Finally, Section 3553(a)(7), which requires direct consideration of payment of restitution to any victims of the offense, also weighs against early termination. It is in the interest of justice that restitution be paid and, absent continued supervision, the court finds it unlikely that defendant will continue to make monthly restitution payments to the victim. If defendant is somehow able to make full restitution to the victim before the conclusion of supervision, such may well be an exceptional circumstance that would warrant early termination.

Accordingly, having considered the Section 3553(a) factors, the conduct of the defendant, and the interest of justice, the Motion for Early Termination of Supervised Release will be denied.[1]

---

[1] The Court notes defendant's argument that he is entitled to a hearing on the motion if the court denies his request. In support of such proposition, defendants cites Rule 32.1(c), arguing that "[b]efore modifying the conditions of … supervised release, the court must hold a hearing …." While the procedures of Rule 32.1(c) are applicable to a decision that would actually modify the conditions of release by making them more of less stringent, a hearing is not required where the *status quo* is maintained based on information already in the record. A denial of a motion for early termination is not a modification of the terms of supervision that requires a hearing. *United States v. Fu Qian Danny Pan*, 540 Fed. Appx. 945, 948 (11th Cir. 2013) (holding in the context of a Section 3583(e)(1) request for early termination "the district court was not required to permit re-litigation of, or an opportunity to respond to, information available at the original sentencing hearing."). As can be readily gleaned from the motion, the salient fact is that defendant has not paid his substantial restitution in full.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Early Termination of Supervision (#30) is **DENIED**.

Signed: December 30, 2016

Max O. Cogburn Jr.
United States District Judge